UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BOARD OF TRUSTEES OF THE EMPLOYEE PAINTERS' TRUST,<br><br>Plaintiff,<br><br>v.<br><br>COAST MIRROR COMPANY, INC. and RICHARD JAMES CURTIS,<br><br>Defendants. | CASE NO. C22-570 MJP<br><br>ORDER ON MOTION FOR DEFAULT JUDGMENT |

This matter comes before the Court on Plaintiff's Motion for Default Judgment. (Dkt. No. 11.) Having reviewed the Motion and all supporting materials, the Court GRANTS the Motion and ENTERS Default Judgment in Plaintiff's favor on the terms specified in this Order.

**BACKGROUND**

Plaintiff Board of Trustees of the Employee Painters' Trust has filed suit against Defendant Coast Mirror Company, Inc. and its owner/officer, Richard James Curtis, alleging that

1 | Defendants have violated ERISA and a labor agreement by failing to timely remit monthly
2 | contribution reports and fringe benefits due.
3 |   Plaintiff oversees the Employee Painters' Trust ("Trust"), which was created through a
4 | written declaration of trust between the International Union of Painters and Allied Trades and
5 | various employers and employer associations in the painting, drywall, and related industries (the
6 | "Trust Agreement"). (Compl. ¶ 5 (Dkt. No. 1).) The Trust is a labor-management multiemployer
7 | trust created and maintained pursuant to the Labor Management Relations Act and ERISA. (Id.)
8 | The Trust administers a program of health and welfare benefits for eligible participants and
9 | beneficiaries of the Trust pursuant to the written rules and regulations of the Trust called the
10 | Employee Painters' Trust Health and Welfare Plan ("Plan"). (Id. ¶ 6.) Plaintiff Board of Trustees
11 | administers the Trust, and is a fiduciary. (Id. ¶¶ 7-8.)
12 |   In September 2019, Coast Mirror, through Curtis, entered into an agreement binding
13 | them to the Trust Agreement and a labor agreement that requires them to make payments to
14 | Plaintiff for covered work performed by Coast Mirror's employees. (Compl. ¶ 12.) The Trust
15 | Agreement requires Coast Mirror to timely "prepare and submit true, complete, and accurate
16 | written monthly contribution reports to the Trust." (Id. ¶ 13(a).) It requires Coast Mirror to "pay
17 | to the Trust fringe benefit contributions, benefits and/or withholdings on a monthly basis, and at
18 | specified rates for each hour worked by or paid to applicable employees." (Id. ¶ 13(c).) And it
19 | requires Coast Mirror to maintain records of work and allow the Trust to audit them to ensure
20 | proper payment of fringe benefits. (Id. ¶ 13(b).)
21 |   Plaintiff alleges that Coast Mirror "has failed to submit to the Plaintiff remittance reports
22 | reporting hours of covered work performed by its employees for the months of July 2021
23 | through the present, suggesting that additional amounts may be due for those months but are
24 |

unreported to the Trusts." (Compl. ¶ 17.) Plaintiff do not presently know how much, if any, fringe benefits or contributions are delinquent and due.

Plaintiff has properly served Defendants, who have not appeared. (Dkt. No. 5.) Plaintiff has moved for and obtained default against Defendants. (Dkt. Nos. 7-8.) Plaintiff now asks the Court to enter default judgment against Defendants. Specifically, Plaintiff asks for injunctive relief compelling Defendants to submit Coast Mirror's "payroll and related records to the Plaintiff and their auditors for completion of a compliance audit within 21 days of entry" of the order on Plaintiff's Motion. (Proposed Order at 1 (Dkt. No. 11-3).) Plaintiff asks the Court to "retain jurisdiction to award fringe benefit contributions owed as determined by the audit." (Mot. at 4.) Plaintiff also asks the Court to award it $1,803.50 in attorneys' fees and $535.98 in costs incurred to date and allow requests for further fees and costs incurred through the audit. (Mot. at 7.)

## ANALYSIS

A court's decision to enter a default judgment is discretionary. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). Default judgment is "ordinarily disfavored," because courts prefer to decide "cases on their merits whenever reasonably possible." Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986). When considering whether to exercise discretion in entering default judgments, courts may consider a variety of factors, including:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of a plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure.

1  Id. at 1471-72. Courts reviewing motions for default judgment must accept the allegations in the
2  complaint as true, except facts related to the amount of damages. Geddes v. United Fin. Grp.,
3  559 F.2d 557, 560 (9th Cir. 1977).
4       As an initial matter, the Court finds that it has jurisdiction over this action pursuant to 29
5  U.S.C. §§ 1132(f), and 29 U.S.C. § 185. The Court also finds that venue is proper under 29
6  U.S.C. § 1132(e)(2) and 29 U.S.C. § 185(a) because Plaintiff is administered in this District.
7       The Court finds that the Eitel factors weigh in favor of entry of default judgment. First,
8  without an order compelling an audit, Plaintiff and its ultimate beneficiaries may be denied
9  fringe benefits to which they are due. Second, Plaintiff has presented cogent allegations, which
10 the Court accepts as true, that Defendants have failed to remit reports on contributions due and
11 that they are required to do so under the Trust Agreement and other agreements binding them.
12 Third, the Complaint is adequately drafted and sets for the basis for relief. Fourth, the amount of
13 money at stake is unclear given the present allegations. Fifth, the current allegations do not
14 appear to be subject to a dispute of fact—that Defendants have not provided the required
15 remittance reports. Sixth, there does not appear to be any basis to find excusable neglect given
16 Defendants' decision not to participate in this action to date despite being properly served.
17 Seventh, while the Federal Rules favor a decision on the merits, the Court finds that absent a
18 default judgment Plaintiff will be stymied in its efforts to vindicate its rights and protect the
19 rights of the covered workers to obtain any fringe benefits. On balance, the Court finds that the
20 Eitel factors weigh in favor of entry of default judgment.
21      As to the substance of the requested default judgment, the Court finds Plaintiffs' request
22 for an order compelling Defendant to submit to an audit of its payroll and related records to be
23 proper. Based on the allegations in the Complaint, Defendants have failed to submit remittance
24

ORDER ON MOTION FOR DEFAULT JUDGMENT - 4

reports from July 2021 to the present. (Compl. ¶ 17.) This prevents the Trustees from determining what, if any, fringe benefits are due and owing. The Trust Agreement specifically allows Plaintiff to conduct such an audit when the Trustees determine it necessary. (See Dkt. No. 11-1 at 41, 59, 70-71, 100, 124.) Here, the allegations suggest that an audit is appropriate and necessary. Accordingly, the Court GRANTS Plaintiff's request to compel Defendants to submit to an audit of the payroll and related records necessary to determine any fringe and related benefits due and owing from July 2021 to the present. If the audit reveals unpaid or delinquent contributions, Plaintiff must then timely file a motion to amend the default judgment to specify any and all benefits that they believe are due, including any applicable interest, liquidated damages, and/or auditor fees. Such a motion must be filed within 21 days of completing the audit.

The Court also finds that Plaintiff is entitled to attorneys' fees and costs incurred to date. The Court assesses this request under the relevant criteria outlined in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70, abrogated on other grounds by City of Burlington v. Dague, 505 U.S. 557 (1992):

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Id. Plaintiffs have supported each of these factors in a declaration from counsel. (Dkt. No. 11-2.) The Court finds this evidence persuasive that the hours expended, the costs incurred, and the hourly rates requested are reasonable. Given the records provided, the Court awards Plaintiff $1,803.50 in attorneys' fees and $535.98 in costs. (See id.) Should Plaintiff move to amend this

ORDER ON MOTION FOR DEFAULT JUDGMENT - 5

judgment once the audit is completed, it may apply to recover further attorneys' fees and costs incurred from the date of this Order.

## CONCLUSION

The Court GRANTS Plaintiff's Motion for Entry of Default Judgment. The Court hereby ORDERS:

(a) Defendants must submit Coast Mirror's payroll and related records to Plaintiff and its auditors to complete an audit of all benefits and contributions due from July 2021 to the present. The audit must be completed within 21 days of entry of this Order;

(b) Within 21 days of completing the audit, Plaintiff must move to amend the default judgment to include any sums it believes are due and owing. The motion may include requests for all delinquent/unpaid contributions, liquidated damages, interest, audit fees, and any additionally-incurred attorneys' fees and costs. The motion must include evidentiary support to allow the Court to verify any requests. If Plaintiff determines that no further damages are sought, Plaintiff must file a notice with the Court within 21 days of completing the audit stating that it will not seek to amend the default judgment; and

(c) Plaintiff is AWARDED $1,803.50 in attorneys' fees and $535.98 in costs incurred to date.

The clerk is ordered to provide copies of this order to all counsel.

Dated August 31, 2022.

Marsha J. Pechman
United States Senior District Judge